IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LETHIA LOWRY, | |
| Plaintiff, | |
| v. | 1:05-cv-1970-WSD |
| REGIS SALONS CORP., | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on the Report and Recommendation ("R&R") [33] issued by Magistrate Judge Hagy on Defendant Regis Salons Corp.'s ("Defendant") Motion for Summary Judgment [20]. Because no objections to the Report and Recommendation have been filed, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). After careful review, the Court finds no plain error in the Magistrate Judge's factual or legal conclusions.

In this case, Plaintiff claims that Defendant retaliated against her for complaining of an incident of sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to be successful under Title VII, a plaintiff must first create

an inference of discriminatory intent, and thus carries the initial burden of establishing a *prima facie* case of discrimination.  McDonnell Douglas, 411 U.S. at 802.  To establish a *prima facie* case of retaliation, Plaintiff must demonstrate that: 1) she engaged in statutorily protected activity; 2) she suffered an adverse employment action; and 3) the protected activity was causally related to the protected activity.  Gregory v. Ga. Dept. of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004).   Once Plaintiff asserts a prima facie case of retaliation, the burden of production shifts to Defendant to rebut this inference by articulating a legitimate, non-discriminatory reason for its actions.  McDonnell Douglas Corp., 411 U.S. at 802-804.  If Defendant is successful in rebutting the inference of discrimination, the burden of production shifts back to Plaintiff to show that the reason for her termination was a mere pretext for discrimination.

In his R&R, the Magistrate Judge concluded that Plaintiff did not establish a prima facie case of retaliation.  To establish the first element of a prima facie case of retaliation–that Plaintiff engaged in a statutorily protected activity–Plaintiff must show that she "had a good faith, reasonable belief that [Defendant] was engaged in unlawful employment practices."  Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311-12 (11th Cir. 2002).  Plaintiff must establish that she subjectively

believed her employer was engaged in unlawful employment practices and that her belief was objectively reasonable.  Id.  In this case, the alleged harassment consisted of one instance where Plaintiff's co-worker took off his pants in front of Plaintiff under the auspices of showing her a rash on his leg.  The Magistrate Judge concluded that this single incident, absent a showing of additional gender related harassment, does not constitute sexual harassment, and therefore Plaintiff's belief that she was being sexually harassed was not reasonable.  (R&R, at 26-27.)  The Court finds no plain error in this conclusion.

The Magistrate further concluded that even if this conduct were sufficient to justify Plaintiff's reasonable belief that it constituted sexual harassment, the evidence shows that Plaintiff did not put Defendant on notice that she was complaining of conduct prohibited under Title VII to establish that she was engaged in protected opposition activity.  (R&R, at 27.)  The R&R noted that Plaintiff did not notify a regional manager or salon director of the incident as required by Defendant's sexual harassment policy, and when she instead notified her salon manager of the incident, her comments were vague and insufficient to put the salon manager on notice that Plaintiff was complaining of perceived sexual harassment.  (R&R, at 30.)  The Court finds no plain error in this conclusion.

The Magistrate further found that Plaintiff failed to show the third element of a prima facie case of retaliation–that her complaint caused her termination–because she did not provide sufficient evidence indicating the decision-makers knew she had complained of unlawful conduct under Title VII. (R&R, at 40-42.)  Based on these findings, the Magistrate concluded Plaintiff did not show a prima facie case of retaliation under Title VII.  The Court finds no plain error in this conclusion.

Even if Plaintiff's evidence did support a prima facie case of retaliation, the Magistrate Judge correctly recommended summary judgment for Defendant because it is clear that Plaintiff did not rebut Defendant's legitimate, non-retaliatory reason for her termination.  "To survive summary judgment, the plaintiff must . . . present concrete evidence in the form of specific facts which show that the defendant's proffered reason is mere pretext.  Mere conclusory allegations and assertions will not suffice." Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990).  Defendant offers evidence that shortly after the incident, Defendant received a complaint from a client that Plaintiff had acted in a grossly unprofessional and degrading manner toward her, and Plaintiff was fired for this reason.  (R&R, at 42.)  Plaintiff does not dispute that a client made these

complaints to Defendant, although she does dispute the facts underlying the allegations. (R&R, at 42-43.) To establish pretext, "the district court must evaluate whether the plaintiff has demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." Jackson v. Ala. State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005) (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1538 (11th Cir.1997)). The Magistrate Judge concluded that Plaintiff's evidence failed to cast sufficient doubt on Defendant's proffered reason for Plaintiff's termination to permit a reasonable factfinder to conclude the employer meant to retaliate against Plaintiff for complaining about the alleged harassment. (R&R, at 42.)

Plaintiff attempted to establish pretext by arguing that: 1) the client's complaint was untrue; 2) that her salon manager, to whom she complained about the incident, participated in the decision to fire her despite confusion in testimony regarding who made the decision; 3) that she was not told the reason for her termination; and 4) that the salon manager showed preferential treatment toward the alleged harasser throughout Plaintiff's employment. (R&R, at 45.) First, the Magistrate held that there is no issue of material fact as to whether Plaintiff was

terminated based on Defendant's honest belief that she treated a client unprofessionally, regardless of whether the client complaint was accurate.  (R&R, at 49-50.)  Second, because there was no question that Defendant had an honest belief that Plaintiff engaged in misconduct, the Judge found that it did not matter who made the decision to fire Plaintiff.  (R&R, at 55.)  Finally, the Judge also held that failure to inform Plaintiff of her reason for termination and any favoritism for the alleged harassing employee were also insufficient to place doubt on Defendant's proffered reason for Plaintiff's termination, absent any evidence that the favoritism or discourtesy had any relation to Plaintiff's complaint about her co-worker.  (R&R, at 59.)  The Magistrate Judge concluded, therefore, that Plaintiff had introduced no evidence showing she was fired for any reason other than the articulated reason–that she invoked a customer complaint.  (R&R, at 59.)  In the absence of evidence that the reason for Plaintiff's termination was pretextual, the Magistrate Judge recommended that Defendant's Motion for Summary Judgement be granted and the claim be dismissed.

    The Court agrees with the Magistrate Judge's recommendation because Defendant's proffered reason–a client's complaint of severe misconduct–was a legitimate reason for Plaintiff's termination.  Furthermore, Plaintiff did not

demonstrate sufficient "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the proffered legitimate reasons . . . that a reasonable factfinder could find them unworthy of credence." <u>Jackson</u>, 405 F.3d at 1289. The Court finds no plain error in the Magistrate's conclusion.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report and Recommendation. Defendant's Motion for Summary Judgment [20] is **GRANTED** and this action is **DISMISSED**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 6th day of September, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE